IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BEYER, COLLIN SMOTHERS, MATEEN ZAFER, COREY DAVIS, and DASHAWAN BELL, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>DRAFTKINGS, INC., and CROWN IL GAMING INC. d/b/a DRAFTKINGS, CASINO QUEEN INC., and NORTHSIDE CROWN GAMING LLC,<br><br>Defendants. | No. 25 C 1336<br><br>Judge Robert W. Gettleman |

## **ORDER**

Plaintiffs James Beyer, Collin Smothers, Mateen Zafer, Corey Davis, and Dashawn Bell, on behalf of a putative class, bring this twelve-count, amended complaint against defendants DraftKings, Inc. and Crown IL Gaming, Inc. Plaintiffs originally filed in the Circuit Court of Cook County, Illinois. Defendants removed the case to this court based upon the Class Action Fairness Act of 2005 ("CAFA"). Specifically, defendants allege that: (1) the required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any Defendant," 28 U.S.C. § 1332(d)(2)(A); and (2) the CAFA jurisdictional threshold is satisfied because the amount in controversy exceeds "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). The court agrees that these two requirements are satisfied.

Nevertheless, the jurisdictional analysis under CAFA does not end with the fulfillment of

1

those two requirements, and the court has an independent obligation to ensure that it has subject-matter jurisdiction. See Kanzelberger v. Kanzelberger, 782 F.2d 774, 777 (7th Cir. 1986) (explaining that "the federal courts are obliged to police the constitutional and statutory limitations on their jurisdiction); Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In addition to the minimal diversity and amount in controversy requirements, CAFA contains the "local controversy exception," 28 U.S.C. §1332(d)(4)(A). That exception provides that:

> A district court shall decline to exercise jurisdiction under paragraph (2)—
>
> (A)(i) over a class action in which—
>
> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant—
>
> (aa) from whom significant relief is sought by members of the plaintiff class;
>
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
> (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same persons

Here, it appears to the court that this exception to jurisdiction under CAFA likely applies.[1] The court notes that this exception is mandatory. See Mullen v. GLV, Inc., 37 F.4th

---

[1] To the extent that the "local controversy" exception to CAFA is "more like [an] abstention doctrine," Mullen, 37 F.4th at 1328, than a limitation on subject-matter jurisdiction, abstention "may be raised by the court sua sponte." Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976); see also Barichello v. McDonald, 98 F.3d 948, 955 (7th Cir. 1996) (explaining that with regard to abstention doctrines "the federal courts are obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction") (internal quotation omitted).

1326, 1328 (7th Cir. 2022) (explaining that in Section 1332(d)(4) "'shall' is a mandatory term"). As the party invoking federal jurisdiction, defendants bear the burden of demonstrating its existence. Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 617 (7th Cir. 2012); see also McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936) (explaining that "the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence"). Thus, the court will provide defendants with the opportunity to do so.

## CONCLUSION

For the above reasons, the court directs defendants to file a supplemental brief (not to exceed 5 pages), by September 8, 2025, setting forth the basis for the court's subject matter jurisdiction in this case in light of the mandatory "local controversy exception" contained in 28 U.S.C. §1332(d)(4)(A). Plaintiffs are granted leave to respond (not to exceed 5 pages) by September 22, 2025. Because a jurisdictional question must be resolved first, the court strikes without prejudice defendants' pending motion to dismiss (Doc. 37), with leave to reinstate should the court find that it has jurisdiction.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: August 8, 2025**